In the Matter of MATHIEU M. PROUJAN, an Attorney, Respondent.

First Department, June 28, 1939.

*Einar Chrystie,* for the petitioner.

*Benjamin Shiverts,* for the respondent.

PER CURIAM. There is no dispute concerning the facts with respect to the first charge. The second charge has been conclusively established by the evidence.

The respondent in 1935 was compelled to seek financial assistance from the W. P. A. He was assigned to the contract division of the corporation counsel's office. In the course of his work he became familiar with the case of *Kennedy* v. *City of New York,* an action brought to recover for extras in connection with the erection of a building for the city. In January, 1937, when the case was about ready for trial, the respondent attempted to sell to the attorney for the plaintiff confidential information acquired by him in the course of his employment, which he represented would be helpful to the plaintiff in the trial of the action. The plaintiff's attorney at once notified the authorities of the situation.

In an attempt to mitigate his conduct, the respondent testified that he was desperately in need of money to take care of a sick son and that he hoped to get some money from the attorney for the plaintiff by making him believe that he could give him valuable information, but that he did not intend to give him anything that would really injure the city of New York. If this testimony be accepted at its face value the respondent obviously was using his position for the purpose of obtaining money under false pretenses. The excuse thus offered clearly indicates that the respondent has no proper conception of the conduct of an attorney.

It further appears that the respondent was consulted by one Salvatore Dinardi, then a minor, for the purpose of obtaining his father's release from jail by furnishing a bond in the sum of $295 through use of money deposited for his account in the chamberlain's office as the result of the settlement of a personal injury action. The respondent obtained an order allowing the withdrawal of

$295 by falsely representing to the court that it was to be expended for necessaries for the infant, notwithstanding he knew or had reason to believe that the money would not be used for that purpose. On subsequent applications made for additional withdrawals the respondent falsely represented to the court that the moneys previously withdrawn had been used for the specific purpose for which the withdrawals were authorized, and failed to advise the court that a part of each amount withdrawn was retained by him on account of his fees, aggregating $130 out of a total sum of $630 withdrawn.

The unfitness of the respondent to continue as a member of the bar has been demonstrated.

He should be disbarred.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and DORE, JJ.

Respondent disbarred.